IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAYMOND MILLER,

                Plaintiff,                OPINION AND ORDER

v.

                                       19-cv-826-wmc

SOO LINE RAILROAD COMPANY,

                Defendant.

In this civil action, plaintiff Raymond Miller asserts a claim under the Federal Employers Liability Act, 42 U.S.C. § 56 *et seq.*, against defendant Soo Line Railroad Company, alleging that he injured his knee on or about October 10, 2016, due at least in part to Soo Line's negligence. (Compl. (dkt. #1).) Although not brought to the court's attention until recently by way of defendant's motion to dismiss for lack of prosecution (dkt. #12), plaintiff's participation in this case apparently faltered after the filing of the complaint and participation in the court's preliminary pretrial conference order. The court held a hearing on that motion via Zoom on November 13, 2020, at which the parties appeared by counsel. For the reasons provided on the record at that hearing, the court must deny defendant's motion to dismiss, but will revisit its decision if plaintiff does not significantly ramp up his efforts to prosecute this case and comply with his discovery obligations as described below.

BACKGROUND

Plaintiff Raymond Miller filed this lawsuit on October 4, 2019, asserting one claim under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*, against defendant Soo

Line Railroad Company.  (Dkt. #1.)  Specifically, Miller alleges that on October 10, 2016, he stepped in a hole and permanently injured his right knee while working on a section of rail in Soo Line's La Crosse rail yard.  Miller further alleges that Soo Line was negligent in various ways (e.g., failing to provide a reasonably safe place to work; requiring Miller to perform work on a rush basis; failing to provide proper supervision, direction and instruction; failing to provide sufficient man power, etc.).

Defendant answered the complaint on December 6, 2019 (dkt. #4), and Judge Crocker held a preliminary pretrial conference on January 10, 2020, establishing a dispositive motion deadline of November 13, 2020, and a trial date of April 19, 2021 (dkt. #9).  Until recently, there have been *no* filings from the parties (other than an unopposed motion to correct the name of the defendant).  On October 8, 2020, defendant filed the present motion to dismiss for lack of prosecution.  (Dkt. #12.)  In the supporting brief and declaration by defendant's counsel with attached materials, defendant represents that the last time plaintiff participated in this case in any meaningful way was at the preliminary pretrial conference.  Soo Line served interrogatories and requests for production on March 6, 2020.  Having received no response, Soo Line's attorney followed up on April 21, 2020, and May 7, 2020.  At that time, plaintiff's counsel assured defendant's counsel that he would "get on it," and that responses, including medical authorizations, would be shortly provided.

Instead, on July 31, 2020, plaintiff's counsel reached out to defendant's counsel to seek an extension of the expert witness deadline, that was set for July 31.  In a subsequent phone conversation, defendant's counsel again expressed frustration about the lack of

discovery responses. In exchange for defendant's promise to provide responses by August 14, 2020, Soo Line agreed to extend the expert disclosure deadline to September 25, 2020. (Incidentally, that date has passed and plaintiff did not disclose any experts.)

On August 14, plaintiff's counsel next emailed defendant's counsel that he expected to receive discovery responses from his client over the weekend and would serve them the beginning of the following week. After receiving no discovery, defendant's counsel followed up with plaintiff's counsel again on August 25, and received no response. After plaintiff let his extended deadline to disclose experts pass without doing so, defendant filed its motion to dismiss.

OPINION

In a remarkable understatement, plaintiff "concedes that he has been slow in responding to Defendant's written discovery requests," but "denies that the delay was intentional," whatever that means. (Pl.'s Resp. (dkt. #19) 1.) Plaintiff further contends that he produced all of the medical and hospital records in his possession on July 31, 2020, but acknowledges that the production did not contain certain records. He also stated that he responded to interrogatories and requests for production and tendered medical release authorizations on October 15, 2020.

In reply, defendant attaches plaintiff's responses. Even a cursory review illustrates how far plaintiff's interrogatory responses fall short of good faith responses to what are standard, reasonable questions in a personal injury case. For example, Interrogatory No. 5 asks plaintiff to "state in detail" how the accident occurred; identify all persons with knowledge of the incident; identify Soo Line employees who caused or contributed to the

3

incident; and the specific acts or omissions that contributed to the incident. Yet Miller responded, "I stepped in a hole while doing a rush job." (Bialzik Decl. Ex. A (dkt. #23-1) 3.) When asked to "describe in detail" his injury, he answered, "I have no medical background and lack the expertise to accurately describe all of my injuries. In general, I sustained an injury to my right knee and underwent right knee replacement surgery." (*Id.*) Worse in response to discovery requests, plaintiff mostly responded, "None at this time; investigation continues." (*See, e.g., id.*, Ex. B (dkt. #23-2) 7.)

The record as described above establishes that plaintiff has failed to engage in good faith in his discovery obligations. This failure is indefensible. On the other hand, defendant's failure to bring this issue to the court's attention sooner through a motion to compel, and instead waiting to bring this motion to dismiss approximately one month before the dispositive motion deadline, is inexplicable. While the court is disinclined to dismiss the case based on this record without having previously warned plaintiff of the precarious position of his case, the court cannot stress enough that plaintiff must do better going forward and must remedy *immediately* his failure to engage in good faith in discovery. Otherwise, the court will revisit the decision not to dismiss his case.

In an effort to get this case back on track, plaintiff is directed to produce all relevant medical records and supplement his discovery responses by November 20, 2020. Defendant must also make its own independent effort to do so in light of the medical releases recently provided by plaintiff. Regardless, plaintiff must sit for a deposition on or before November 30, 2020. To accommodate defendant, the court will also extend the dispositive motion deadline to December 30, 2020. All other deadlines, including the April

19, 2021, trial date, remain in place.

## ORDER

IT IS ORDERED that:

1) Defendant Soo Line Railroad Company's motion to dismiss for lack of prosecution (dkt. #12) is DENIED without prejudice.

2) Plaintiff is directed to (a) produce all relevant medical records and supplement his discovery responses by November 20, 2020; and (b) sit for a deposition on or before November 30, 2020.

3) The dispositive motion deadline is extended to December 30, 2020. All of the other deadlines and the trial date remain in place.

Entered this 13th day of November, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge